## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RENEE CLIBURN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. SA07CA0620 FB** |
| **CUSA KBC, LLC, and** | § | |
| **LIVA AND NASSETTA, LLC, and** | § | |
| **JEFFREY S. LIVA, M.D.,** | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANT CUSA KBC, LLC'S
### MOTION TO DISMISS FOR LACK OF JURISDICTION AND
### FOR SUMMARY JUDGMENT ON THE PLEADINGS

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CUSA KBC, LLC, d/b/a Kerrville Bus Company ("Kerrville Bus Company" or "KBC") one of the Defendants in the above-entitled and numbered action, and files this its Motion to Dismiss for Lack of Jurisdiction and Motion for Summary Judgment on the Pleadings, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### I. **PLAINTIFF'S CLAIMS**

In the instant suit, Plaintiff asserts the following causes of action:

(1)   Disability discrimination under Texas Labor Code §21.001, et. seq., and under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.

(2)   Invasion of privacy.

(3) Tortious interference by Defendants Liva and Nassetta and Dr. Jeffrey S. Liva with Plaintiff's "valid employment contract with Kerrville Bus Co."

- 1 -

Plaintiff's Original Petition was filed in the 225th District Court of Bexar County, Texas, and was removed to this Court on July 25, 2007, based on Federal question jurisdiction and Federal preemption.

## II. BASIS FOR DISMISSAL

The facts recited herein are verified by the Affidavit of Richard T. Funke, General Manager of Defendant Kerrville Bus Company, attached hereto at Exhibit A.

As a motor carrier engaged in the transportation of passengers in interstate commerce, Defendant's operations are governed by Regulations issued by the U.S. Department of Transportation (DOT). The authority to prescribe driver qualifications has been delegated by Congress to the Secretary of Transportation. *See* 49 U.S.C. § 31102(b)(1). Pursuant to this authority, the DOT promulgated Federal Motor Carrier Safety Regulations, under which a person " shall not drive a commercial motor vehicle" without a "medical examiner's certificate that [the person] is physically qualified." 49 C.F.R. § 391.41(a). Specifically, "the medical examiner is required to certify that the driver does not have any physical, mental, or organic condition that might affect the driver's ability to operate a commercial motor vehicle safely." 49 C.F.R. §391.43(f).

As applicable herein, all of Defendant's drivers are required to undergo annual fitness-for-duty physicals and must be issued a certification by a DOT Licensed Medical Examiner confirming the driver's medical fitness to operate Defendant's buses. The same requirements are imposed if a driver experiences a prolonged absence, or an illness or injury that warrants re-examination. In any such case, Defendant is required to pull the driver out of service pending confirmation from the Licensed Medical Examiner of the employee's fitness to return to duty.

Plaintiff was hired as a bus driver for Defendant, Kerrville Bus Company in May 2004. In mid-December 2006, Plaintiff was hospitalized for an undisclosed condition. Plaintiff was

- 2 -

released to return to duty on December 18, 2006, but was pulled out of service by Defendant on

December 21, 2006, pursuant to instructions to Defendant from its Medical Examiner, Liva and

Nassetta, LLC ("Liva-Nassetta").[1] Plaintiff subsequently failed to qualify for re-certification.

Under DOT regulations, in the event of a "disagreement between the physician for the driver and

the physician for the motor carrier concerning the driver's qualifications," the driver can seek a

formal opinion from the Director of the Office of Bus and Truck Standards and Operations and,

within 60 days of the Director's determination, appeal the decision to the Assistant

Administrator. 49 C.F.R. §391.47(b)(2), 386.13(a). *Plaintiff did not avail herself of the appeal*

*procedures mandated by DOT regulations.*[2]

Dismissal of this action for lack of subject matter jurisdiction is warranted under the

"long held rule of judicial administration that no one is entitled to judicial relief for a supposed

or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v.*

*Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50-51, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Until a

plaintiff has pursued available administrative relief, "suit is premature and must be dismissed."

*Reiter v. Cooper,* 507 U.S. 258, 269, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993). " 'Exhaustion'

applies where a claim is cognizable in the first instance by an administrative agency alone."

*United States v. W. Pac. R.R. Co.,* 352 U.S. 59, 63, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956).

Federal courts addressing claims similar to the instant claim have held that exhaustion of

DOT procedures is required in these circumstances "because driver fitness falls squarely within

the regulatory scheme (and substantive expertise) of DOT." *Harris v. P.A.M. Transport, Inc.,*

---

[1] Liva-Nassetta and Dr. Jeffrey Liva are named as co-Defendants in this suit, and have entered their appearance through their own counsel.
[2] Plaintiff was subsequently terminated by Defendant following notification from the Medical Examiner that Plaintiff had falsified her return-to-duty questionnaire and other medical forms.

339 F.3d 635 (8th Cir. 2003), citing *Campbell v. Federal Express Corp.,* 918 F.Supp. 912, 918

(D. Md. 1996), and *Prado v. Continental Air Transp. Co.,* 982 F.Supp. 1304, 1308

(N.D.Ill.1997) ("The court will not abrogate clear congressional intent which vests driver fitness

issues in the Secretary of Transportation.")  Thus, Plaintiff's failure to exhaust her remedies

available under 49 C.F.R. §391.47 requires dismissal of this action.  *P.A.M. Transport, supra.*

Defendant also moves for summary judgment on the pleadings with regard to Plaintiff's

disability claim under the ADA, since she cannot prove *the essential element that she was*

*qualified to perform the job functions of a bus driver*, as required by DOT Federal Motor Carrier

Safety Regulations, 49 C.F.R. §391.11: "A motor carrier shall not . . . permit a person to drive a

commercial motor vehicle unless that person *is qualified to drive* [under the physical

qualification standards]." (Emphasis added) *P.A.M. Transport, supra.*

The U.S. Supreme Court has affirmed that Congress has given the DOT sole discretion to

set driver qualifications, and that Federal safety rules limit application of the ADA as a matter of

law.  *Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555, 570, 119 S.Ct. 2162, 144 L.Ed.2d 518

(1999).  The Supreme Court described the relationship between DOT standards for physical

qualification and the elements of an ADA claim:

> When Congress enacted the ADA, *it recognized that federal safety rules would*
> *limit application of the ADA as a matter of law*. The Senate Labor and Human
> Resources Committee Report on the ADA stated that 'a person with a disability
> applying for or currently holding a job subject to [DOT standards for drivers]
> must be able to satisfy these physical qualification standards *in order to be*
> *considered a qualified individual with a disability*' under [the ADA].

*Albertson's, supra* (quoting S. Rep. No. 101-116, at 27-28 (1998)). (Emphasis added)

Since DOT Regulations require a valid medical examiner's certificate of physical

qualification, 49 C.F.R. §391.41(a), and since Plaintiff cannot satisfy these physical qualification

- 4 -

standards, Plaintiff is not a "qualified individual with a disability" under the ADA. Accordingly, her ADA claim must be summarily dismissed as a matter of law.[3]

### III. STATEMENT OF FACTS

Kerrville Bus Company is signatory to a collective bargaining agreement (CBA) with the Teamsters Union, and disciplinary action and proceedings are governed by the terms of the CBA. The role, responsibilities and authority of the Licensed Medical Examiner are set forth in Article XV of the CBA and are attached at Exhibit B. As disclosed therein, and in accordance with DOT Regulations, the Licensed Medical Examiner (referred to in the CBA as the Medical Director or Medical Review Officer) is the final authority in determining whether a driver is physically fit for duty and thereby entitled to DOT certification.

Plaintiff was hospitalized for an undisclosed condition from December 13 through December 17, 2006.[4] On December 18, she met with Defendant's Safety Director who had her fill out an Employee Return-to-Duty Questionnaire. (Exhibit C) In the absence of an obvious unsafe medical condition or an acknowledged condition that would affect her performance of duties, the Safety Director authorized Plaintiff to return to active duty. In accordance with required procedure, the Safety Director promptly faxed the Questionnaire to Liva-Nassetta for evaluation.

Defendant was subsequently informed by its Medical Examiner that Plaintiff needed "a new DOT Physical and Medical clearance, including diagnosis, prognosis, and restrictions, if any," before she could be cleared to operate a commercial motor vehicle. (Exhibit D) Pursuant

---

[3] Plaintiff's disability claim under Texas Labor Code §21.001 must likewise be summarily dismissed, inasmuch as Federal law is generally applicable to, and dispositive of, claims arising under State laws that correspond to Federal employment discrimination statutes, including the ADA. *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473 (Tex. 2001); *NME Hosps, Inc., v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999).
[4] Plaintiff did not inform Defendant of her hospitalization until after the fact. She attributed her impending absence on December 13 to the alleged illness of her daughter.

to this email, Plaintiff, who was driving a charter enroute to Laredo, was pulled out of service on December 21, 2006, pending her compliance with the Medical Examiner's instructions.

On Friday, December 22, 2006, Plaintiff underwent a new physical from Texas MedClinic, and was issued a DOT certification from Texas MedClinic; however, she was informed by Defendant's Safety Director that until she got approval from the Medical Examiner, she could not return to her driving duties. In accordance with established procedures, Texas MedClinic faxed Plaintiff's physical directly to the Medical Examiner for evaluation for DOT certification.

On December 28, 2006, Defendant received an email from Liva-Nassetta relating to Plaintiff, stating: "Please have driver call ASAP" and advising "additional information and/or testing needed prior to approval pending." (Exhibit E) Plaintiff was immediately notified by telephone of this development by Defendant. On January 12, 2007, Defendant received an email from Liva-Nassetta, advising that the information previously requested had not been submitted by Plaintiff, and that the Medical Examiner had not heard from her since December 29, 2006. (Exhibit F) In response to this email, Defendant's General Manager informed Plaintiff in writing of her responsibility to comply with the Medical Examiner's request. (Exhibit G) On Friday, January 19, 2007, Defendant was notified by Liva-Nassetta that Plaintiff had falsified her return-to-duty form and the DOT medical exam form. Dr. Liva's report disclosed that Plaintiff was not going to be cleared for issuance of medical certification to operate a commercial vehicle as required by DOT Regulations – "that her medical certificate is invalid based on the falsification of medical information." (Exhibit H) Accordingly, on January 25, 2007, Plaintiff was terminated for falsification of documents, pursuant to Appendix B, Section 1, Paragraph 5 of the CBA, a violation which constitutes just cause warranting termination on a first offense. (Tab I)

On January 30, 2007, the Union filed a Grievance challenging Plaintiff's termination. At a hearing conducted before the contractual KBC-Teamsters Joint Grievance Committee on February 16, 2007, testimony was adduced by Defendant, by Plaintiff, and by the Union relating to her termination. On March 1, 2007, the Joint Grievance Committee issued its Determination denying the Grievance and upholding Plaintiff's termination for falsification of relevant medical records. The Committee further concluded: *"The MRO's decision in denying Grievant's DOT certification is binding on the Company . . ."* The Committee also noted that the CBA provided an avenue of appeal of the MRO's determination, and that *"Grievant admits that she did not avail herself of this avenue of appeal.*" (Exhibit J)

## IV. <u>ANALYSIS</u>

Defendant has hereinabove cited legal authority and precedent warranting dismissal of this action. The decision of the Eighth Circuit in *Harris v. P.A.M. Transport, Inc., supra,* is of particular significance, since that case, involving an ADA claim, is identical in material respects to the instant case. The plaintiff therein, Harris, was a prospective truck driver hired by PAM Transport. Harris was required to undergo a medical examination by a physician retained by an unaffiliated truck driving school, MTC, that was engaged to train prospective drivers for PAM. During the course of his training, Harris was issued a DOT medical certificate by MTC's physician; however, PAM's medical review manager requested additional medical records, and based on that information, determined that Harris could not qualify for DOT certification. Upon being informed by PAM that he would not be hired, Harris filed a complaint with the EEOC, that was subsequently converted into a Federal lawsuit. The similarities between *PAM Transport* and the instant case are striking:

- As in the instant case, the plaintiff in *PAM Transport* did not appeal the denial of certification as provided in DOT procedures.

- As in the instant case, the plaintiff in *PAM Transport* alleged "perceived disability" discrimination by his employer, in violation of the ADA.

- As in the instant case, the plaintiff in *PAM Transport* contended that his employer unlawfully requested and reviewed his medical records after he had already passed his initial DOT physical.

- As in the instant case, the plaintiff in *PAM Transport* alleged related State law claims.

The Eighth Circuit affirmed the District Court's summary dismissal of Harris' claims for lack of subject matter jurisdiction, based on Harris' failure to avail himself of DOT appeal procedures under 29 C.F.R. §391.47.  The Eighth Circuit held that the exhaustion of DOT procedures was required "because driver fitness falls squarely within the regulatory scheme (and substantive expertise) of DOT."  *The same conclusion and disposition are warranted in the instant case, since Plaintiff herein likewise failed to avail herself of DOT appeal procedures.*

Addressing Harris' ADA claim, the Eighth Circuit cited legal precedent and rationale which mandated summary dismissal of that claim, as well:

> "Dismissal is particularly appropriate because Harris cannot prove an essential element of a prima facie ADA claim: namely, that he was qualified to perform the job function of a commercial truck driver. *Aucutt v. Six Flags Over Mid-America, Inc.,* 85 F.3d 1311, 1318 (8th Cir. 1996) (plaintiff must show disability within the meaning of the ADA, qualification to perform essential job functions, and adverse employment action). As we have already observed, Congress has given the DOT the sole discretion to set driver qualifications, and DOT regulations clearly require a valid medical examiner's certificate of physical qualification. 49 C.F.R. § 391.41(a).

Since Harris could not qualify for DOT physical certification, the Eighth Circuit concluded that he was not a qualified individual with a disability.  The Eighth Circuit's holding and rationale are equally applicable to the instant case, and likewise dictate that Plaintiff's ADA and State disability claims be summarily dismissed.

One additional matter remains to be addressed.  Plaintiff's "Invasion of Privacy" claim must likewise be summarily dismissed, since Plaintiff had previously executed a global authorization for Kerrville Bus Company that gave Defendant and Liva-Nassetta access to any and all medical records pertaining to Plaintiff.  (Exhibit K)

## V. <u>ATTORNEY'S FEES</u>

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694 (1978), the Supreme Court held that attorneys fees should be awarded to a prevailing defendant when the plaintiff's action is shown to have been frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.  Two considerations warrant the issuance of attorneys fees in the instant case:  First, Plaintiff's disability claim, filed contemporaneously with the EEOC under the ADA and with the Texas Workforce Commission Civil Rights Division, was dismissed by both Agencies following investigation.  Secondly, with the exercise of due diligence, Plaintiff would have ascertained that DOT Safety Regulations trumped the ADA, as a matter of law, and that by virtue of denial of DOT certification, she was not a "qualified individual with a disability," thus negating her ADA claim.  Accordingly, Defendant Kerrville Bus Company is entitled to recover all reasonable attorneys' fees, costs and/or expenses incurred in the defense of these proceedings pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. §1927, and the inherent power of the Court.

## VI. <u>PRAYER</u>

WHEREFORE, Defendant Kerrville Bus Company requests that the Court grant Defendant's Motion to Dismiss and for Summary Judgment, and dismiss all of Plaintiff's claims against Defendant, and award reasonable attorney's fees to Defendant.

Respectfully submitted,

FRANK S. MANITZAS
State Bar No. 12910000

FRANK S. MANITZAS, PC
Frost Bank Building
16500 San Pedro, Suite 370
San Antonio, Texas  78232
TEL (210) 545-3331
FAX (210) 545-3533

ATTORNEY FOR DEFENDANT CUSA
KBC LLC d/b/a KERRVILLE BUS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following parties by Electronic Filing on this 22nd day of October 2007.

Robert L. Mays, Jr.
The Titan Building, #675
2700 NE Loop 410
San Antonio, Texas  78217

Robert E. Bettac
Ogletree, Deakins, Nash, Smoak & Stewart, PC
112 E. Pecan, Suite 2700
San Antonio, Texas  78205

FRANK S. MANITZAS

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RENEE CLIBURN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. SA07CA0620 FB** |
| **CUSA KBC, LLC, and** | § | |
| **LIVA AND NASSETTA, LLC, and** | § | |
| **JEFFREY S. LIVA, M.D.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On this day came on for consideration Defendant CUSA KBC, LLC's Motion to Dismiss and For Summary Judgment. Having reviewed the pleadings and arguments of counsel, the Court believes the motion is meritorious. It is therefore ORDERED that Defendant's Motion to Dismiss and For Summary Judgment is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

It is further ORDERED that Defendant CUSA KBC, LLC be awarded reasonable attorney's fees, costs and/or expenses incurred in defending this action.

SIGNED this _____ day of _____, 2007

_____
UNITED STATES DISTRICT JUDGE