## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RENEE CLIBURN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CUSA KBC, LLC, and** | § | **SA-07-CV-0620 NN** |
| **LIVA AND NASSETTA, LLC, and** | § | |
| **JEFFREY S. LIVA, M.D.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER CONCERNING MOTION TO DISMISS

This order addresses the motion to dismiss[1] filed by defendant CUSA KBC, LLC, known

as Kerrville Bus Company.  After considering the motion, I dismiss the only claim over which

this court has original jurisdiction and remand this case to the 225th District Court, Bexar County,

Texas.

### Background and Nature of the Case

This lawsuit stems from plaintiff Renee Cliburn's termination as a bus driver for Kerrville

Bus Company.  Kerrville Bus Company terminated Cliburn after defendants Liva and Nassetta,

LLC, and Dr. Jeffrey S. Liva (together Liva-Nassetta) informed the company that Cliburn had

falsified her return-to-duty form and her Department of Transportation (DOT) medical exam

form.  Under the DOT regulations for commercial drivers, "[a] person shall not drive a

commercial motor vehicle unless he/she is physically qualified to do so and . . . has on his/her

person the original, or a photographic copy, of a medical examiner's certificate that he/she is

---

[1]*See* docket entry # 13.

physically qualified to drive a commercial motor vehicle."[2]  Kerrville Bus Company contracted

with Liva-Nassetta to provide and maintain the DOT medical examiner's certificates for its bus

drivers.  Liva-Nassetta did not certify Cliburn for driving after reviewing Cliburn's return-to-duty

form, her medical exam form, and her medical records following Cliburn's hospitalization.

Cliburn alleges that Kerrville Bus Company: (1) violated the Americans with Disabilities Act

(ADA)[3] by treating her as disabled, (2) violated section 21.002 of the Texas Labor Code by

treating her as disabled, and (3) invaded her privacy by illegally obtaining her medical records.

Kerrville Bus Company has moved to dismiss each of these claims.  Kerrville Bus Company asks

the court to dismiss the ADA claim for lack of subject matter jurisdiction under Rule 12(b)(1) of

the Federal Rules of Procedure.

### Standard for a Motion to Dismiss under Rule 12(b)(1)

A defendant in a civil action may move to dismiss for lack of subject matter under Rule

12(b)(1).[4]  "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may

evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced

in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of

disputed facts."[5]  The court must accept all factual allegations in the plaintiff's complaint as true.[6]

---

[2]49 C.F.R. § 391.41(a) (2007).

[3]The ADA prohibits a covered entity from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).

[4]FED. R. CIV. P. 12(b)(1).

[5]*Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

[6]*See id.*

In this case, my determination about subject matter jurisdiction is based on the complaint and undisputed facts evidence in the record.

### Cliburn's ADA Claim

Cliburn alleges that Kerrville Bus Company treated her as if she were disabled by classifying her in a manner that deprived her of employment as a bus driver.[7]  Cliburn's claim is not entirely clear, but she argues that Kerrville Bus Company unlawfully discriminated against her after Liva-Nassetta invalidated her DOT medical certification by not offering her a reasonable accommodation for an unspecified perceived disability.[8]  Cliburn maintains that a DOT medical certification that she obtained from Texas Med Clinic[9] was "sufficient to determine that she could continue to perform the essential functions of her job as a bus driver"[10] and that Liva-Nassetta exceeded the scope of permissible inquiry by further investigating her DOT qualification after her hospitalization.[11]

Kerrville Bus Company maintains that the court lacks subject matter jurisdiction over the ADA claim because Cliburn failed to exhaust her administrative remedies under DOT regulations for challenging driver qualification.  Kerrville Bus Company relies on the United States Court of Appeals for the Eighth Circuit's opinion in *Harris v. P.A.M. Transport*, in which the court affirmed the district court's dismissal of an ADA claim because the plaintiff failed to pursue DOT

---

[7] *See* docket entry # 1, exh A, ¶ 33 of Cliburn's original petition.

[8] *See id*. at ¶ 30.

[9] *See id*. at ¶ 12.

[10] *See id*. at ¶ 45.

[11] *See id*.

3

procedures for challenging his physical qualification for driving.[12]  In that case, plaintiff Harris

obtained a DOT medical certification while attending truck-driving school.[13]  Harris sought

employment as a driver with PAM Transport upon completion of his driver's training.  PAM

Transport's medical review manager forwarded a copy of Harris's physical exam to a physician

the company had retained.[14]  The physician concluded that Harris did not qualify for employment

as a commercial driver under DOT regulations.[15]  Based on that conclusion , PAM Transport

advised Harris that it would not hire him as a commercial driver.[16]  Subsequently, Harris sued

PAM Transport for employment discrimination under the ADA.[17]  "Specifically, he [alleged] that

PAM [Transport] discriminated against him by requesting and reviewing his medical records after

he had already passed his initial DOT physical . . . ."[18]  The district court dismissed Harris's claim

because he failed to exhaust the administrative remedies available under DOT regulation 49

C.F.R. § 391.47.[19]

On appeal, the Eighth Circuit explained that Congress delegated the authority to prescribe

driver qualifications to the Secretary of Transportation.[20]  Pursuant to that authority, the Eighth

---

[12]*See Harris v. P.A.M. Transport*, 339 F.3d 635, 638 (8th Cir. 2003).

[13]*See Harris*, 339 F.3d at 636-7.

[14]*Id*. at 637.

[15]*Id*.

[16]*Id*.

[17]*Id*.

[18]*Id*.

[19]*Id*.

[20]*Id*. at 638.

4

Circuit further explained, "the DOT promulgated the Federal Motor Carrier Safety Regulations, under which a person 'shall not drive a commercial motor vehicle' without a 'medical examiner's certificate that [the person] is physically qualified.'"[21]  The regulations "provide appeal procedures for instances of 'disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications.'"[22]  In upholding the dismissal of Harris's ADA claim, the Eighth Circuit reasoned that because exhaustion is a "long settled rule of judicial administration,"[23] and because the "DOT is charged with and is much better equipped to handle resolution of disputes over a driver's medical qualifications . . . than a reviewing court,"[24] a plaintiff basing an ADA claim on his DOT qualification is precluded from bringing suit unless the plaintiff exhausts the administrative remedies available under the DOT regulations.[25]

The Eighth Circuit rejected Harris's argument that PAM Transport discriminated against him by requesting and reviewing his medical records after he had already passed his initial DOT physical.[26]  The Eighth Circuit explained that Harris's argument "overlook[ed] the central fact in th[e] case: PAM's physicians and medical review staff disagreed with [the examining physician's] conclusions and disputed the validity of the certificate he issued."[27]  The court reasoned that "that disagreement [brought] the question of Harris's physical qualification within

---

[21]*Id*. (quoting 49 C.F.R. § 391.41(a)).

[22]*Id*. (quoting 49 C.F.R. § 391.47(b)(2)).

[23]*Id*.

[24]*Id*.

[25]*Id*.

[26]*See id*. at 639.

[27]*Id*. at 639.

the sole province of the DOT,"[28] requiring Harris to pursue the DOT procedures before seeking

judicial review of his ADA claim.[29]

      Ordinarily, the exhaustion of administrative remedies is a jurisdictional prerequisite to

filing an employment discrimination lawsuit.[30]  "Where relief is available from an administrative

agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to

the courts; and until that recourse is exhausted, suit is premature and must be dismissed."[31]  No

court in this jurisdiction has addressed whether a plaintiff who bases an ADA claim on DOT

driver qualification must exhaust her administrative remedies under the DOT regulations before

bringing an ADA claim.  The few courts that have considered the issue reached results consistent

with *Harris*.[32]  I find the Harris's court's reasoning persuasive.  The DOT regulations—

---

[28]*Id.*

[29]*See id.*

[30]*See Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (explaining that the court is deprived of jurisdiction if a claimant fails to exhaust his administrative remedies); *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("There are two requirements for filing a Title VII action in federal court: 1) the complaint must be filed within the time allotted by Title VII, and 2) the complainant must first have exhausted her administrative remedies."); *Barrow v. New Orleans Steamship Ass'n*, 932 F.2d 473, 479 (5th Cir. 1991) (stating that the courts generally lack jurisdiction to hear claims of employment discrimination based on retaliation unless an administrative charge is first filed).  *But see Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006) (explaining that disagreement exists in the Fifth Circuit about whether the exhaustion of administrative remedies is a prerequisite to a Title VII lawsuit, subject to waiver and estoppel, or whether it is a jurisdictional requirement).

[31]*Reiter v. Cooper*, 507 U.S. 258, 269 (1993) (making this statement while considering "whether, when a shipper defends against a motor common carrier's suit to collect tariff rates with the claim that the tariff rates were unreasonable, the court should proceed immediately to judgment on the carrier's complaint without waiting for the Interstate Commerce Commission (ICC) to rule on the reasonableness issue").

[32]*See Myers v. J.B. Hunt Transp.*, No. 1:05CV00717, 2006 WL 3479001, at *4 (M.D.N.C. Nov. 30, 2006) (dismissing plaintiff's ADA claim because he failed to pursue his administrative remedies

specifically, 49 C.F.R. § 391.47— "provide appeal procedures for situations, as in the present

case, in which a driver is determined to be unqualified under DOT physical qualification

standards."[33]  Where medical evaluations conflict, such as the conflict between the medical

certification Cliburn obtained from Texas Med Clinic and the invalidation of that certification by

Liva-Nassetta, "the driver may submit an application for resolution of the conflict to the Director

of the Office of Motor Carrier Research and Standards."[34]  Because the DOT is charged with

handling the resolution of such conflicts, a plaintiff should be required to exhaust those remedies

before suing an employer based on her DOT qualification.

     This case is just like *Harris*.  Like plaintiff Harris, Cliburn obtained a DOT medical

certification from a physician.[35]  Like Harris, the defendant-employer forwarded the driver's

_____

regarding the propriety of his medical examination); *E.E.O.C. v. Allied Sys.*, 36 F. Supp.2d 515, 522
(N.D.N.Y.1999) (explaining that the EEOC could not challenge the medical directors' determinations
about whether a driver met the DOT's requirements for certification in an ADA case because "DOT
regulations at 49 C.F.R. § 391.47 provide for a mechanism of administrative review in the event that
'there is a disagreement between the physician for the driver and the physician for the motor carrier
concerning the driver's qualification'") (citation omitted); *Campbell v. Fed. Express Corp.*, 918 F.
Supp. 912, 921 (D. Md. 1996) (dismissing plaintiff's ADA claim because "the source of his redress
was not under the ADA but instead was with the [DOT], in the first instance").  *See also St. Dep't
of Pub. Safety v. Sexton*, 748 So. 2d 200, 213 (Ala. Civ. App.1998) (determining that plaintiff's ADA
claim was precluded because he did not first pursue his administrative remedies set out in 49 C.F.R.
§ 391.47 to challenge the application of DOT standards).  *But see Estate of Szleszinski v. Labor &
Indus. Review Comm'n*, 736 N.W.2d 111, 116 (Wis. 2007) (concluding that a driver need not seek
a determination of medical qualification from the DOT prior to filing a disability discrimination claim
under the Wisconsin Fair Employment Act).

[33]*Campbell*, 918 F. Supp. at 918.

   [34]*See* 49 C.F.R. § 391.47(b)(2) ("requiring the applicant to "submit proof that there is a
disagreement between the physician for the driver and the physician for the motor carrier concerning
the driver's qualifications").

[35]*See* docket entry # 1, exh A, ¶ 12 of Cliburn's original petition.

medical exam form to the company's contracted doctor for DOT medical certification.[36]  Like Harris, the second doctor disagreed with the first doctor's opinion.[37]  Like Harris, the invalidation of the first doctor's medical certification served as the basis for an ADA claim.[38]  Like Harris, Cliburn did not pursue the DOT procedures for resolving conflicts in medical evaluation.[39]  And like Harris, Cliburn should be required to pursue her administrative remedies before suing Kerrville Bus Company based on her DOT qualification for commercial driving.

      In her response to Kerrville Bus Company's motion to dismiss, Cliburn argues that she was not required to pursue the DOT remedies because there was no "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications."[40]  But that argument overlooks the central fact in this case: Kerrville Bus Company's medical review staff disagreed with Texas Med Clinic's examining physician's conclusion and disputed the validity of the certificate that he issued.[41]  That disagreement placed the question of Cliburn's physical qualification within the sole province of the DOT, requiring Cliburn to pursue the procedures in 49 C.F.R. § 391.47 before seeking judicial review of an ADA claim.  Because Cliburn failed to pursue those procedures, this court lacks subject matter jurisdiction over Cliburn's ADA claim.  Kerrville Bus Company is entitled to dismissal of that claim.

---

[36]*See id.* at ¶¶ 13-15.

[37]*See id.* at ¶ 16.

[38]*See id.* at ¶¶ 30 & 36.

[39]*See* docket entry # 25,  ¶¶ 1, 6 & 7.

[40]*See id.* at ¶ 6 (quoting 49 C.F.R. § 391.47(b)(2)).

[41]*Accord Harris*, 339 F.3d at 639.

**Cliburn's Other Claims**

Kerrville Bus Company has also asked for dismissal of Cliburn's employment discrimination claim under the Texas Labor Code and her invasion of privacy claim.  Although a federal court may exercise supplemental jurisdiction over a plaintiff's state law claims, 28 U.S.C. § 1367 permits the district court to decline to exercise supplemental jurisdiction over state law claims if it has "dismissed all claims over which it has original jurisdiction . . . ."[42]  Because Cliburn's ADA claim is the only claim over which this court has original jurisdiction, and because I am dismissing that claim, I decline to exercise supplemental jurisdiction over Cliburn's state law claims.

**Kerrville Bus Company's Request for Attorney's Fees**

Kerrville Bus Company also asks for attorney's fees.  Kerrville Bus Company suggests that it is entitled to attorney's fees because Cliburn's claims are frivolous, unreasonable and without foundation.  Kerrville Bus Company identified three reasons for awarding attorney's fees: (1) after investigation, the Equal Employment Opportunity Commission and the Texas Workforce Commission dismissed Cliburn's claims; (2) if Cliburn had exercised due diligence, she would have ascertained that the DOT regulations trump her ADA claim; and (3) the denial of DOT certification shows that Cliburn is not a qualified individual with a disability under the ADA. Kerrville Bus Company asks for its attorneys' fees, cost and expenses under Rule 11 of the Federal Rule of Civil Procedure, 28 U.S.C. § 1927, and the court's inherent power.

Under Rule 11, an attorney or an unrepresented party has an obligation to sign and file only pleadings that he believes contains allegations and other factual contentions that "have

---

[42]28 U.S.C. § 1367(c)(3).

evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ."[43] "If, after notice and a reasonable opportunity to respond, the court determines that [this requirement] has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated [the requirement] or are responsible for the violation."[44] Here, an award of attorney's fees is not appropriate under Rule 11 because the rule applies to attorneys and unrepresented parties, because Cliburn is not an attorney but represented by an attorney, and because Kerrville Bus Company did not ask for a sanction against Cliburn's attorney.

Under 28 U.S.C. § 1927, the court may sanction "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously . . . [with] attorneys' fees reasonably incurred because of such conduct."[45] Sanctions against Cliburn are not appropriate under 28 U.S.C. § 1927 because Cliburn is not an "attorney or other person admitted to conduct cases in any court of the United States or any Territory."[46]

"The inherent powers of federal courts are those which 'are necessary to the exercise of all others.'"[47] Although a federal court's inherent authority to sanction for bad-faith litigation is not displaced by statutes and rules regarding sanctions,[48] a court considering sanctions

---

[43]Fed. R. Civ. P. 11(b).

[44]Fed. R. Civ. P. 11(c).

[45]28 U.S.C. § 1927.

[46]*Id*.

[47]*Roadway Express v. Piper*, 447 U.S. 752, 764 (1980) (internal citation omitted).

[48]*See Chambers v. NASCO*, 501 U.S. 32, 46 (1991).

10

Case 5:07-cv-00620-NSN   Document 29   Filed 11/25/07   Page 11 of 11

"ordinarily should rely on the [r]ules rather than the inherent power."[49]  Here, the ADA

specifically provides for an award of attorney's fees for a prevailing party.[50]  Kerrville Bus

Company, however, has not requested an award under the statute.  But because that statute exists,

it is appropriate for the court to rely on that statute rather than the court's inherent power in

awarding attorney's fees.  Kerrville Bus Company is not entitled to an award under the authority

presented in its motion.

### Court's Orders

Kerrville Bus Company is entitled to dismissal of Cliburn's ADA claim because Cliburn

failed to exhaust her administrative remedies under the DOT regulations.  As a result, I GRANT

Kerrville Bus Company's motion to dismiss that claim (docket entry # 13).  I need not reach

Cliburn's request for additional time for discovery because my decision is based on Cliburn's

allegations and the undisputed fact that Cliburn did not pursue DOT procedures.  Because

Cliburn's ADA claim is the only claim remaining over which this court has original jurisdiction, I

decline to exercise supplemental jurisdiction over Cliburn's claim under the Texas Labor Code or

her invasion-of-privacy claim.  Rather than dismissing those claims, I REMAND this case to the

225th District Court, Bexar County, Texas, for resolution.

SIGNED on November 25, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[49]*Chambers*, 501 U.S. at 50.

[50]*See* 42 U.S.C. § 12205 ("In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .").